[Crim. No. 5633.   Second Dist., Div. One.   Oct. 16, 1956.]

THE PEOPLE, Respondent, v. WILLIAM S. POWELL et al., Defendants; HARVEY NESSEL, Appellant.

Jack Altman for Appellant.

Edmund G. Brown, Attorney General, Elizabeth Miller and William E. James, Deputy Attorneys General, for Respondent.

DORAN, J.—The appellant and William S. Powell were charged by information in Count I with conspiracy to commit grand theft, in that they conspired with each other and with A. Diamond, and Phillip Martin and other persons unknown, to commit the crime of grand theft; in Count II with grand theft of $300 from Murdo MacKay; in Count III with grand theft of $483.60 from Murdo MacKay; in Count IV with grand theft of $733.60 from Charles A. Giboney, Jr.; and in Count V with grand theft of $783 from Ben Louie.

Each pleaded not guilty to each count. The jury which heard the evidence returned verdicts of guilty as charged in each count of the information as to each defendant.

As recited in respondent's brief, "On June 15, 1954, a request for a classified advertisement was brought to the counter girl at the main office of the Los Angeles Times at Second and Spring Streets, by a person giving his name as A. Diamond. It was to run four times, starting on Wednesday, the 16th. It was to be billed to 'Floray Co., c/o William H. Spencer, 4063 Radford Avenue, Studio City.' The advertisement was as follows:

" 'MEN TO SERVICE

" 'Large Corp. interested in dependable local parties to service accounts to be established in this area. Applicants will act as jobber. Distributors with exceptional opportunity for a sound secure future. High earnings possible for selected parties. Any applicants must be able to make light deliveries, have exceptional reputation & be in a position to make an

immediate cash outlay of $783 (deposit secured by mdse. & returnable) representing 25% of total investments, with company handling balance for proper parties.

" 'Submit only name, address & phone number to arrange personal interview to Box L-165, TIMES.'

"On June 22, 1954, the appellant and Powell went to the office of the Lawrence Office Service, an answering and office service, at 7960 Beverly Boulevard. They wanted the service offered by that organization. They told Mrs. Joseph, who ran it, that the name of the organization for which they wanted the service was the National Distributing Company. Mrs. Joseph asked the name and a home telephone number so that they could be reached by her. She was told that Mr. William S. Powell was the head of the organization, and that there were four associates, Al Diamond, Harvey Nessel, Paul Riley and Phil Martin, from whom she might hear, and to whom she should give messages. Powell gave her a home address, 1585 Ocean Boulevard, Balboa, and a telephone number, Harbor 0363-M. They paid her for the service for a month in advance. During the period from June 22, 1954 through August 22, 1954, Mrs. Joseph's organization performed services for the appellant and Powell. The organization received telephone calls and mail, and the appellant and Powell received mail from them. Mrs. Joseph received a second month's payment. She sent the bills for the service to 1585 Ocean Boulevard, Balboa. The one sent in September was not paid. About October, she sent another bill, and it was returned."

Mr. MacKay answered the ad by mail. Appellant and a Mr. Diamond visited MacKay's house. "The appellant told Mr. Mackay that he was sales representative for the National Distributing Company, and Diamond was the location man for the same company. He said that Mr. William S. Powell was general manager in the area, and that Mr. Mackay would meet him later.

"The appellant told Mr. Mackay that the National Distributing Company was an authorized branch of the U.S. Greeting Card Houses of East Pike Street, Seattle, Washington, and that they were opening up territory in this area in which greeting cards would be retailed through supermarkets. He said the total price of the business was about thirty-one hundred dollars, and it included twenty-four greeting card houses or display racks set in twenty-four locations, about forty-eight advertising signs, and three thou-

sand greeting cards. He said that Mr. Mackay's part would be to keep the racks full; buy cards through the company and collect the profits. The appellant told Mr. Mackay that 25% of the approximately $3100.00 would be wanted as a down payment, and Mr. Mackay would then become a distributor for the National Distributing Company. Thereafter, the rest of the $3100.00 would be paid to the National Distributing Company at about $65.00 a month if the gross profits from the sale of the cards were over $800.00. If the gross retail sales did not amount to $800.00, then Mr. Mackay did not have to pay anything that month." Mr. MacKay then signed a printed "Application and Order" for the products and made a payment of $300.00, the balance of $2,350.00 to be paid in monthly installments. A few days later MacKay received a letter acknowledging the payment, signed by Wm. S. Powell. The letter closed with the sentence, "Please advise us immediately when we can expect the balance due of $2350.80 so that we may make our arrangements accordingly."

Mr. MacKay attempted several times to get in touch with the appellant and Powell by telephoning the number on the letterhead. The telephone was answered, but he did not speak to either the appellant or Powell. Each time he left a message, but never received a return of his calls.

A day or two after he received the letter of July 15th, Mr. MacKay drafted a letter as follows:

> "Murdo Mackay
> 1925 S. Mariposa St.,
> Los Angeles, Calif.
> July 23, 1954.

"National Distributing Co.,
7960 Beverly Blvd.,
Los Angeles, Calif.,
"Dear Mr. Powell, .

"I wish to thank you for your letter which arrived this morning.

"There is a little matter, which being a very busy man you must have overlooked—my deposit of $783.60, which should have accompanied your refusal of my application as per contract dated 6-23-54.

"I fail to see what benefit you may accrue by procrastinating in this matter and so as to cause you the leist inconvenience possible return my deposit immediately.

> "Sincerely Yours
> "Murdo Mackay."

He then copied it word for word, put it into an envelope, addressed it to the National Distributing Company at 7860 Beverly Boulevard, Los Angeles, stamped it, and put it into a mail box. It was never returned.

He heard nothing from the National Distributing Company, Powell or the appellant. He called the telephone number on the letterhead again several times, and each time there was an answer but he did not speak to either Powell or the appellant. He received no communication from either Powell or the appellant in response to the calls. All efforts to get in touch with appellant failed.

The other alleged victims had the same experience according to the record.

It is contended on appeal that:

"I.  There was not sufficient evidence to support the verdict of guilty of conspiracy to commit grand theft, in that there was no showing of any agreement to commit an illegal act.

"II.  There was not sufficient evidence to support the verdict of guilty of grand theft in that there was no showing of an intent to defraud Murdo Mackay, or of fraud against him, or false pretenses used to perpetrate a fraud upon his, or of his reliance upon any false representations in parting with his money.

"III.  The Court erred in failing to direct a verdict of acquittal on Counts IV and V, relating to the transactions with Mr. Louie and Mr. Giboney, as it was not shown that he had any connection with those transactions.

"IV.  The Court erred in instructing the jury on Civil Code Sections 1670 and 1671, relating to liquidating damages."

In reply to these contentions respondent points out, and it is supported by the record, that, "Neither Mr. Mackay, Mr. Giboney nor Mr. Louie ever heard from Powell, the appellant, or Martin again; none received any greeting cards, racks, signs or his money back.

"The form of 'Application and Order' which was signed by Messrs. Louie, Mackay and Giboney was never authorized by U.S. Greeting Cards Incorporated.

"The U.S. Greeting Card Company received no applications or orders from Murdo Mackay, Charles A. Giboney, Jr., Ben W. Louie, Harvey Nessel, William S. Powell or the National Distributing Company during June or July, 1954.

Neither did they receive any money from any of them during that period.

"We submit that in view of the friendship of the appellant and Powell; the use by them of a company name formerly used by the appellant; their appearance together when the printing order was given and the telephone service was subscribed to; their use of names of prospects secured from an advertisement apparently inserted in the paper by Diamond, and Diamond's accompanying the appellant to Mr. Mackay's house and Powell to Mr. Giboney's house; the similarity of the sales talk given each of the prospects by the appellant, Martin and Powell; and the eagerness of each to get the 'down payment' in certified or cashier's checks, the jury could reasonably draw the inference that they were operating with a common understanding, and pursuant to an agreement between them. It could further infer that, in accordance with their mutual understanding, each made false and fraudulent representations with respect to material matters, as, for example, that the National Distributing Company was an authorized branch or distributor of U.S. Greeting Card Houses Incorporated."

It would serve no useful purpose to go into further details. It may be noted that the evidence was sufficient to support the verdict of guilty of conspiracy to commit grand theft as well as the offense of grand theft. Nor does the record reveal that the court erred in failing to direct an acquittal verdict as to Counts IV and V. It does not appear that the instructions were erroneous in any respect.

The judgment and the order denying defendants' motion for a new trial are, and each is affirmed.

Fourt, J., concurred.

White, P. J., concurred in the judgment.